# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

| | | |
|---|---|---|
| VIDA CODY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: 2:11-cv-42 |
| v. | ) | |
| | ) | |
| SWAIN COUNTY, North Carolina, | ) | |
| Kevin King ("King"), in his official | ) | |
| and individual capacity, | ) | |
| Phillip Carson ("Carson"), in his official | ) | JURY TRIAL DEMANDED |
| and individual capacity, | ) | |
| Robert White ("White"), in his official | ) | |
| and individual capacity, | ) | |
| David Monteith ("Monteith"), in his | ) | |
| official and individual capacity, | ) | |
| Steve Moon ("Moon"), in his official | ) | |
| and individual capacity, and | ) | |
| Donnie Dixon ("Dixon"), in his official | ) | |
| and individual capacity. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT:  CIVIL RIGHTS

Plaintiff Vida Cody ("Plaintiff" or "Ms. Cody") brings this Complaint for

Injunctive Relief and Damages against Defendants for violation of her Federal and

North Carolina state constitutional rights to free speech and her right to be

protected from wrongful discharge in violation of North Carolina's public policy

prohibiting political coercion, showing the Court the following:

## **INTRODUCTION**

Plaintiff is a former employee of Swain County, where she worked for fourteen years in various administrative and accounting positions, most recently holding the title of Finance Officer, performing general accounting and treasury duties. Ms. Cody worked in the Department of Administration, under the direction and supervision of the County Budget Officer and County Manager, positions both held by Kevin King. Mr. King reports to and serves at the pleasure of the Swain County Board of Commissioners. On December 6, 2010, Mr. King, with the approval of the Commissioners, fired Ms. Cody because she expressed political support for John Ensley, an opposition candidate for Sheriff in the Swain County November 2010 election. Mr. King has acknowledged that Ms. Cody was fired because of her political expression. Ms. Cody expressed political support for Ensley by displaying his campaign sign on her vehicle after work hours, and during her off-duty time on Election Day. Notably, Ms. Cody does not work for the Office of the Sheriff. The Sheriff is not an employee of the County and operates independently of the County Manager. Ms. Cody's limited authority in her accountant/treasurer position did not include setting County policy, and certainly did not include setting policy for the *Office of the Sheriff* – a completely separate governmental entity. As such, Defendants' consideration of her political support of a Sheriff candidate violated her clearly established federal and state

2

constitutional rights of free speech of which a reasonable person would have known. Moreover, North Carolina statutory law unambiguously prohibits its counties from restricting or interfering with the right of any county employee to express political support for their candidate of choice during private off-duty time. *See* N.C. Gen. Stat. § 153A–99. Plaintiff files this suit based on Defendants' blatant retaliation against her for the exercise of First Amendment rights and for Defendants' violation of her rights under North Carolina State Law. The constitutional claims are brought pursuant to 42 U.S.C. § 1983, providing redress for deprivation, under color of law, of rights, privileges, and immunities secured to Plaintiff under the Frist Amendment to the United States Constitution, and pursuant to the Constitution of the State of North Carolina. Plaintiff seeks preliminary and permanent injunctive relief as well as compensation for damages she has suffered.

## **PARTIES**

1.

Plaintiff Vida Cody submits herself to the jurisdiction of this Court.

2.

Defendant Swain County is subject to the jurisdiction and venue of this Court. Swain County may be served with process by delivering a copy of Summons and Complaint to Phillip Carson, Chairman of the Swain County Commissioners, at

3

756 Round Hill Road, Bryson City, NC 28713, and by delivering a copy of Summons and Complaint to Kevin King, County Manager, at 999 Parton Road, Bryson City, NC 28713.

3.

Defendant Kevin King resides in this judicial district and may be served at 999 Parton Road, Bryson City, NC 28713.  He is sued in his individual and in his official capacity.

4.

Defendant Phillip Carson resides in this judicial district and may be served at 756 Round Hill Road, Bryson City, NC 28713.  He is sued in his individual and in his official capacity.

5.

Defendant Robert White resides in this judicial district and may be served at 155 Jakes Gap Road, Bryson City, NC 28713.  He is sued in his individual and in his official capacity.

6.

Defendant David Monteith resides in this judicial district and may be served at 1315 Lemmons Branch, Bryson City, NC 28713. He is sued in his individual and in his official capacity.

4

7.

Defendant Steve Moon resides in this judicial district and may be served at 221 Dogwood Hollow, Bryson City, NC 28713. He is sued in his individual and in his official capacity.

8.

Defendant Donnie Dixon resides in this judicial district and may be served at 477 Hughes Br. Road, Bryson City, NC 28713. He is sued in his individual and in his official capacity.

## JURISDICTION AND VENUE

9.

Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction).

10.

The unlawful violation of plaintiff's civil rights and rights secured by the Constitution of the State of North Carolina were committed within the Western District of North Carolina.

## STATEMENT OF FACTS

11.

Plaintiff Vida Cody is a former employee of Swain County, where she

5

worked for fourteen years in various administrative and accounting positions, most recently holding the title of Finance Officer, performing general accounting and treasury duties.

12.

Ms. Cody worked in the Department of Administration, under the direction and supervision of the County Budget Officer and County Manager, positions both held by Kevin King.

13.

Mr. King reports to and serves at the pleasure of the Swain County Board of Commissioners.

14.

During the November 2010 election cycle, Ms. Cody expressed political support for John Ensley, an opposition candidate for Sheriff in the Swain County November 2010 election.

15.

John Ensley was running against the incumbent Sheriff of Swain County, Curtis Cochran.

16.

In North Carolina, the Sheriff is an elected official with final policymaking authority for the Office of the Sheriff and sole discretion over its own employees.

6

17.

At all times relevant to this complaint, Sheriff Cochran was not an employee of the County.

18.

Sheriff Cochran never employed Ms. Cody in any capacity.

19.

In her position as an employee of Swain County, Ms. Cody had no policymaking authority over the Office of the Sheriff.

20.

Ms. Cody, in her position as a county employee, owed no duty of political loyalty to Sheriff Cochran, and political affiliation to the incumbent sheriff could not be legitimately or constitutionally imposed as a requirement of her job.

21.

Ms. Cody complied with county policy concerning her political activity.

22.

Specifically, Ms. Cody expressed political support for John Ensley only during her off-duty time.

23.

Ms. Cody expressed her political support by displaying a "John Ensley for Sheriff" magnetized sign on her vehicle during her off duty time in the weeks

7

preceding the election.

24.

On Election Day, Ms. Cody, while off duty, expressed support for Ensley by standing at the tailgate of her vehicle with a "John Ensley for Sheriff" sign displayed.

25.

Mr. King learned of Ms. Cody's political support of John Ensley.

26.

Mr. King recommended to the Swain County Board of Commissioners that Ms. Cody be removed from her position because of her political expression in support of John Ensley.

27.

On December 6, 2010, on the recommendation of Kevin King, the Swain County Board of Commissioners voted to appoint King as the Interim Finance Officer, thereby replacing Cody with King and effectively terminating her employment.

28.

Kevin King's uncle, Phillip Carson, serves as the Swain County Chairman of Board of Commissioners.

8

29.

Ms. Cody first learned of her termination at the December 6, 2010,

Commissioner's meeting.

30.

31.    Prior to the commissioner's meeting, Ms. Cody had received no notice

that her employment was in jeopardy.

Following the meeting, Phillip Carson acknowledged that King had brought

the recommendation to remove Cody to the Swain County Board of

Commissioners.

32.

Mr. Carson shared this information with Lee Zion, a reporter for the Smoky

Mountain Times who was present for the December 6 Commissioner's meeting.

33.

Following the December 6 meeting, Mr. King also spoke to Lee Zion

concerning the removal of Ms. Cody from her position.

34.

Mr. King told Mr. Zion that Ms. Cody had violated a policy covering

political activity by county employees.

9

35.

Mr. King said the issue in Cody's case came down to "a political campaign for a single individual."

36.

Mr. King also said, "They're not supposed to campaign for another person."

37.

On December 8, 2010, Ms. Cody spoke briefly with Mr. King and the Swain County Human Resources Director, Elise Bryson.

38.

In this meeting, Ms. Cody asked for an explanation of her termination.

39.

King confirmed that Ms. Cody was removed from her position because of her political expression in support of John Ensley.

40.

King said he had received a call from a Commissioner, David Monteith, stating that he (David) had learned the Cody was campaigning for Ensley on Election Day.

41.

King told Cody she could not "politick" because of her position. Also, Ms. Bryson "explained" that Ms. Cody could be sued by Sheriff Cochran for

10

politicking for Ensley.

42.

Ms. Cody explained that she was off that day and the county policy permits her to campaign on her personal time, so she could not understand how they could fire her for political expression on her on time, and that she believed it was unconstitutional.

43.

Ms. Bryson gave Ms. Cody a letter confirming that her employment had ended as of December 6, 2010.

44.

King handed Ms. Cody a copy of a November 24, 2010, letter prepared by Kimberley Lay, purporting to interpret the Swain County personnel policy concerning political activity.

45.

The Lay letter does not specifically address any political activity of Ms. Cody, nor does it address the constitutionality of the personnel policy.

46.

Ms. Cody's limited authority in her accountant/treasurer position did not include setting County policy, and certainly did not include setting policy for the *Office of the Sheriff* – a completely separate governmental entity.

11

47.

Defendants' termination of her employment because of her political support of a Sheriff candidate violated her clearly established federal and state constitutional rights of free speech of which a reasonable person would have known.

48.

Moreover, North Carolina statutory law unambiguously prohibits its counties from restricting or interfering with the right of any county employee to express political support for their candidate of choice during private off-duty time. *See* N.C. Gen. Stat. § 153A–99.

49.

Defendants terminated Plaintiff Cody solely because of her off-duty support of a political candidate, in retaliation of her First Amendment rights and North Carolina state law.

50.

Ms. Cody was terminated in retaliation for protected first amendment political speech.

51.

Ms. Cody seeks preliminary and permanent injunctive relief including reinstatement as well as compensation for damages she has suffered.

12

## 52.

All actions of the defendants were under color of law, were done intentionally, with malice, and in violation of clearly established laws of which any reasonable county officials should have known.

## 53.

The actions of each defendant named herein deprived plaintiff of her rights to and privileges of freedom of speech and expression, and were all ratified by the other defendants.

## 54.

Pursuant to North Carolina state law, purchase of liability insurance waives the sovereign immunity of county and state officials and entities in their official capacities to the extent of the coverage.

## 55.

Swain County has obtained liability insurance coverage for employment cases and, thus, has waived any defense of sovereign immunity to the extent of the coverage under the policy.

## COUNT I
## Violation of
## First Amendment Right to Free Speech and Association

56.

The preceding paragraphs are incorporated by reference as if fully set forth herein.

57.

Defendants' actions have deprived Plaintiff of her right to freedom of speech and association as guaranteed by the First Amendment to the Constitution of the United States.

58.

This violation of rights was proximately caused by Defendants, who were acting under color of state law, and local ordinances, regulations, customs or usages of Swain County, in violation of 42 U.S.C. § 1983.

59.

As a direct and proximate result of Defendants' actions against Plaintiff, she had been damaged and is entitled to the relief set forth in the Prayer for Relief below.

14

## COUNT II
## Violation of Free Speech –
## <u>North Carolina State Constitution, Article I, Section 14</u>

60.

The preceding paragraphs are incorporated by reference as if fully set forth herein.

61.

Defendants' actions have deprived Plaintiff of her right to freedom of speech and association as guaranteed by the First Amendment to the Constitution of the State of North Carolina.

62.

This violation of rights was proximately caused by Defendants who were acting under color of state law, and local ordinances, regulations, customs or usages of Swain County, in violation of 42 U.S.C. § 1983.

63.

As a result of the foregoing, Ms. Cody has experienced and will continue to experience economic loss, including but not limited to loss of salary and other benefits.

64.

As a direct and proximate result of Defendants' actions against Plaintiff, she had been damaged and is entitled to the relief set forth in the Prayer for Relief below.

15

65.

The actions of defendants were committed under color of law.

## COUNT III
### Wrongful Discharge in
### <u>Violation of North Carolina Public Policy</u>

66.

The preceding paragraphs are incorporated by reference as if fully set forth

herein.

67.

Defendants' termination of Plaintiff because of her political activities

violates North Carolina's public policy against political coercion. *See*

N.C.Gen.Stat. § 153A–99; *Vereen v. Holden*, 121 N.C.App. 779, 468 S.E.2d 471

(1996); *Carter v. Good*, 951 F.Supp. 1235, 1249 (W.D.N.C.1996).

68.

As a direct and proximate result of Defendants' actions against Plaintiff, she

had been damaged and is entitled to the relief set forth in the Prayer for Relief below.

WHEREFORE, plaintiff respectfully prays that this Court:

(1) Issue a declaratory judgment that defendants' actions violated

Plaintiff's rights as secured under the First Amendment to the United States

Constitution, the Constitution of the State of North Carolina, and N.C. Gen. Stat. §

153A–99;

16

(2)  Award Plaintiff back pay inclusive of benefits;

(3)  Award Plaintiff front pay plus benefits;

(4)  Award Plaintiff compensatory damages against all Defendants in an amount to be determined by the trier of fact;

(5)  Award Plaintiff punitive damages against all individual Defendants in an amount to be determined by the trier of fact;

(6)  Award Plaintiff her costs in this action and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and other applicable laws;

(7)  Grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

(8)  Grant such additional relief as the Court deems proper and just.

Respectfully submitted,

> THE LAW OFFICE OF
> WIJEWICKRAMA, P.A.
>
> By:  /s/ David Wijewickrama
>       David Wijewickrama

N.C. State Bar No. 30694
95 Depot Street, P.O. Drawer 1260
Waynesville, NC  28786
Telephone:  (828) 452-5801
Facsimile:   (828) 456-4917

BUCKLEY & KLEIN, LLP

By: <u>Edward D. Buckley</u>
(*pro hac vice application forthcoming*)
edbuckley@buckleyklein.com
Ga. Bar No. 092750
Dena G. George
(*pro hac vice application forthcoming*)
dggeorge@buckleyklein.com
Ga. Bar No. 297337

Suite 900, 1230 Peachtree Street, NW
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Counsel for Plaintiff VIDA CODY