UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CASE NO. 2:11-CV-42

| | |
|---|---|
| VIDA CODY,<br><br>       Plaintiff,<br><br>       v.<br><br>SWAIN COUNTY, NORTH CAROLINA, KEVIN KING, in his official and individual capacity, PHILLIP CARSON, in his official and individual capacity, ROBERT WHITE, in his official and individual capacity, DAVID MONTEITH, in his official and individual capacity, STEVE MOON, in his official and individual capacity, and DONNIE DIXON, in his official and individual capacity,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendants Swain County, Kevin King, Phillip Carson, Robert White, David Monteith, Steve Moon, and Donnie Dixon (collectively "the Defendants") hereby respond to the correspondingly numbered allegations in the Plaintiff's Amended Complaint as follows:

## **AMENDED COMPLAINT:  CIVIL RIGHTS**

To the extent a response is required to "Amended Complaint: Civil Rights", the Defendants lack sufficient knowledge and information to form a belief as to the truth and allegations of this paragraph.

## INTRODUCTION

To the extent a response is required to "Introduction", the Defendants admit only that Plaintiff is a former employee of Swain County, and that she was not reappointed to her position as Swain County Finance Director on December 6, 2010. Except as so admitted, the Defendants deny the remainder of the allegations in "Introduction."

## PARTIES

1. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

2. Defendants admit the allegations in this paragraph.

3. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

4. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

5. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

6. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

7. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

WCSR 7032886v3

8. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

## JURISDICTION AND VENUE

9. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

10. Defendants deny the allegations in this paragraph.

## STATEMENT OF FACTS

11. Defendants admit only that the Plaintiff worked for Swain County, and held the position of finance director. Except as so admitted, Defendants deny the allegations in this paragraph.

12. Defendants admit only that the Plaintiff worked for Swain County, held the position of finance director, and that Kevin King was the Swain County manager. Except as so admitted, Defendants deny the allegations in this paragraph.

13. Defendants admit the allegations in this paragraph.

14. Defendants admit the allegations in this paragraph.

15. Defendants admit the allegations in this paragraph.

16. Defendants admit only that the Sheriff is an elected official with final policy making authority over law enforcement activities of the Sheriff's Office.

3

Except as so admitted, Defendants deny the remainder of the allegations in this paragraph.

17. Defendants admit the allegations in this paragraph.

18. Defendants admit the allegations in this paragraph.

19. Defendants deny the allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. Defendants deny the allegations in this paragraph.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

25. Defendants admit the allegations in this paragraph.

26. Defendants deny the allegations in this paragraph.

27. Defendants admit only that on December 6, 2010, King was appointed as the interim finance officer. Except as so admitted, Defendants deny the remainder of the allegations in this paragraph.

28. Defendants admit the allegations in this paragraph.

WCSR 7032886v3

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

30. Defendants deny the allegations in this paragraph.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

37. Defendants admit the allegations in this paragraph.

38. Defendants admit the allegations in this paragraph.

39. Defendants deny the allegations in this paragraph.

40. Defendants deny the allegations in this paragraph.

41. Defendants deny the allegations in this paragraph.

WCSR 7032886v3

42. Defendants deny the allegations in this paragraph.

43. Defendants admit the allegations in this paragraph.

44. Defendants admit the allegations in this paragraph.

45. Defendants admit allegations in this paragraph.

46. Defendants deny the allegations in this paragraph.

47. Defendants deny the allegations in this paragraph.

48. Defendants deny the allegations in this paragraph.

49. Defendants deny the allegations in this paragraph.

50. Defendants deny the allegations in this paragraph.

51. Defendants deny the allegations in this paragraph.

52. Defendants deny the allegations in this paragraph.

53. Defendants deny the allegations in this paragraph.

54. Defendants admit the allegations in this paragraph.

55. Defendants admit that Swain County has purchased liability insurance, but deny that they have waived their sovereign immunity by the purchase of this insurance.

## COUNT I
## VIOLATION OF FIRST AMENDMENT RIGHT
## TO FREE SPEECH AND ASSOCIATION

56. No response is required for this paragraph.

57. Defendants deny the allegations in this paragraph.

WCSR 7032886v3

58.   Defendants deny the allegations in this paragraph.

59.   Defendants deny the allegations in this paragraph.

## COUNT II
## VIOLATION OF FREE SPEECH IN
## NORTH CAROLINA STATE CONSTITUTION ARTICLE I, SECTION 14

60.   No response is necessary for this paragraph.

61.   Defendants deny the allegations of this paragraph.

62.   Defendants deny the allegations of this paragraph.

63.   Defendants deny the allegations of this paragraph.

64.   Defendants deny the allegations of this paragraph.

65.   Defendants deny the allegations of this paragraph.

## COUNT III
## WRONGFUL DISCHARGE IN VIOLATION
## OF NORTH CAROLINA PUBLIC POLICY

66.   No response is necessary for this paragraph.

67.   Defendants deny the allegations in this paragraph.

68.   Defendants deny the allegations in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Defendants are entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred by sovereign immunity.

## THIRD AFFIRMATIVE DEFENSE

The Defendants are entitled to public official immunity.

7

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's state constitutional claim is barred due to the existence of an adequate State remedy.

## FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred because the Defendants would have made the same personnel decision even in the absence of the Plaintiff's First Amendment conduct. *See Mt. Healthy City School District Board of Education v. Davis*, 429 U.S. 274, 287 (1977).

WCSR 7032886v3

WHEREFORE, the Defendants respectfully request that the Plaintiff take nothing from her Amended Complaint, for trial by jury, and for such other relief as the Court deems just and proper.

This 7th day of May 2012.

/s/ Sean F. Perrin
Sean F. Perrin, Esq.
sperrin@wcsr.com
Womble Carlyle Sandridge & Rice, LLP
301 S. College Street, Ste. 3500
Charlotte, North Carolina 28202
Telephone No. (704) 331-4992
Fax No. (704) 338-7814
***Attorney for Defendants***

WCSR 7032886v3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **ANSWER TO AMENDED COMPLAINT** was served this date upon the following counsel of record via use of the CM/ECF system, which will send a notification of such filing and a copy thereof.

David Wijewickrama
North Carolina State Bar No. 30694
95 Depot Street
Post Office Drawer 1260
Waynesville, NC  28786
davidwije17@yahoo.com

Edward D. Buckley
Buckley & Klein, LLP
1230 Peachtree Street, Suite 900
Atlanta, GA  30309
edbuckley@buckleyklein.com

Dena G. George
Buckley & Klein, LLP
1230 Peachtree Street, Suite 900
Atlanta, GA  30309
dggeorge@buckleyklein.com

Dated:  May 7, 2012


/s/ Sean F. Perrin

WCSR 7032886v3